# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOT ERIC PINKERTON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>M. YARBOROUGH, Warden,<br><br>　　　　　Respondent.<br>_____/ | CV F  03-6061 DLB HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>[Doc. 29] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

　　　　On June 13, 2005, the Court denied Petitioner's petition for writ of habeas corpus and judgment was entered in favor of Respondent.  On August 18, 2005, Petitioner filed a motion for an extension of time to file objections to the Court's order.[1]  On August 23, 2005, the Court discharged Petitioner's request to file objections and denied any request for an extension of time to file a notice of appeal.  (Court Doc. 28.)

　　　　Pending before the Court is Petitioner's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  In his motion, Petitioner argues that due to his placement in the administrative segregation unit he was denied access to the law library, was

---

[1] Petitioner asserted, incorrectly, that the Court had issued Findings and Recommendations.  (Court Doc. 27.)

1

unaware that the Court's June 13, 2005, was a final order, and due to his lack of the legal procedure and law he was unable to file a notice of appeal.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits the Court to relieve a party from a final order or judgment on grounds of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud ... of an adverse party, ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than one year after the judgment, order, or proceeding was entered or taken. Fed.R.Civ.P. 60(b). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir.1987). To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir.1987), *cert. denied*, 486 U.S. 1015 (1988).

The district court may extend the time for filing a notice of appeal if:

(I)     a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; *and*
(ii)    regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed.R.App.P. 4(a)(5)(I), (ii).

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if *all* the following conditions are satisfied:

(A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

(B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

Fed.R.App.P 4(a)(6)

    Petitioner's failure to timely file a notice of appeal is governed by the Rule 4(a)(6) of the Federal Rules of Appellate Procedure, not Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner's current motion for relief from judgment raises the same arguments as those raised in his prior August 18, 2005, motion for extension of time to file objections and/or notice of appeal. In the Court's order of August 23, 2005, the Court noted that although the request for an extension of time was filed within 180 days after the judgment was entered, Petitioner indicated that he received the Court's June 13, 2005, order on June 16, 2005, three days after it was issued. Thus, the Court can not grant Petitioner an extension of time to file a notice of appeal. Further, the fact that Petitioner believed the Court's June 13, 2005, order was only a recommendation and not a final order does not support Petitioner's failure to file a timely notice of appeal. Petitioner has failed to demonstrate relief under either Rule 4 of the Federal Rules of Appellate Procedure or Rule 60(b) of the Federal Rules of Civil Procedure.

    Based on the foregoing, Petitioner's motion for relief from judgment is DENIED.

IT IS SO ORDERED.

Dated:   October 19, 2005            /s/ Dennis L. Beck
3b142a                                         UNITED STATES MAGISTRATE JUDGE